IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN GOLDEN,

     Plaintiff,                     No. CIV S-08-0356 GEB DAD P

     vs.

S. FEUDNER, et al.,

     Defendants.              FINDINGS AND RECOMMENDATIONS

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On May 19, 2008, defendants Feudner and Sisto moved to dismiss this action, arguing that plaintiff had failed to exhaust his available administrative remedies prior to bringing suit and that plaintiff's complaint failed to state a cognizable claim. Plaintiff has filed an opposition to defendants' motion. Defendants have filed a reply.

**BACKGROUND**

          In his complaint plaintiff alleges as follows. On June 15, 2007, defendant Feudner approached him on the yard and asked him whether he had previously been told to leave the area. Plaintiff responded that he had not received such instructions and commented that the area was not out of bounds. Without warning, defendant Feudner kicked plaintiff's property and told him to leave the area. Plaintiff left the area and sought to inform the facility sergeant about

the incident. However, defendant Feudner refused to call a sergeant. (Compl. at 5.) On June 16, 2007, plaintiff handed defendant Feudner an inmate appeal, alleging staff misconduct for kicking plaintiff's property, but Feudner never responded to it. Instead, Feudner began retaliating against plaintiff with unwarranted dorm searches and frivolous rules violation reports. For example, on June 22, 2007, defendant Feudner noticed plaintiff standing near a bench marked for inmate use and asked him how many times he had told plaintiff to stay out of the area. When plaintiff responded by saying that the area was not out of bounds, defendant Feudner said that he would deal with him on Monday. On Monday, June 25, 2007, defendant Feudner conducted a three-hour dorm search causing destruction of plaintiff's fellow inmates' property and told the inmates that plaintiff was the cause of the search and that they needed to deal with him. On June 26, 2007, plaintiff received a rules violation report for disobeying a direct order. There was no merit to the report. It was issued as a direct result of plaintiff's filing of an inmate appeal against defendant Feudner. Finally, plaintiff alleges that defendant Sisto has been aware of defendant Feudner's misconduct but has failed to take steps to curb it. (Compl. at 5-6.)

## THE PARTIES' ARGUMENTS

I. <u>Defendants' Motion</u>

Counsel for defendants argues that defendant Sisto should be dismissed from this action because plaintiff has not exhausted his claims against him and because plaintiff has not alleged defendant Sisto's personal involvement in any constitutional violation. Counsel for defendants also argues that plaintiff has failed to state a cognizable claim under the First and Fourteenth Amendments against either defendant Feudner or defendant Sisto. (Defs.' Mot. to Dismiss at 4-14.)

First, counsel acknowledges that exhaustion is not per se inadequate simply because an individual later sued is not named in a grievance. However, counsel argues that a prisoner must describe his problem in his prison grievance and explain whether an omission or failure to act was its cause. Here, defendants contend, plaintiff in his grievance only described

specific problems he had with defendant Feudner and did not take issue with any action or inaction by defendant Sisto. Thus, counsel maintains, plaintiff failed to exhaust any claim against defendant Sisto. (Defs.' Mot. to Dismiss at 4-6.)

Counsel also argues that plaintiff has not alleged defendant Sisto's personal involvement in any constitutional violation. Counsel contends that defendant Sisto's supervisory role alone does not support plaintiff's claims because plaintiff has not alleged facts linking defendant Sisto to a specific wrongdoing. (Defs.' Mot. to Dismiss at 12.)

Finally, counsel argues that plaintiff has failed to state a cognizable claim against either named defendant under the First and Fourteenth Amendments. As to the First Amendment, counsel argues that to state a claim for retaliation plaintiff must allege facts showing that (1) defendants took adverse action against him; (2) his protected conduct was a substantial or motivating factor for the alleged retaliatory action; (3) the adverse action actually chilled his First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. Counsel argues plaintiff has not alleged that defendants' alleged actions chilled his First Amendment rights. In addition, counsel argues that plaintiff's factual allegations are insufficient to support a First Amendment claim. For example, defendant Feudner's failure to respond to plaintiff's grievance cannot support a First Amendment claim because involvement in the resolution of an inmate's grievance does not provide a basis upon which to impose liability. Nor, according to counsel, can any alleged verbal harassment by defendant Feudner support a retaliation claim. (Defs.' Mot. to Dismiss at 6-10.)

As to the Fourteenth Amendment, counsel argues that verbal harassment, involvement in the resolution of an inmate's grievance and the searching of the dorms of fellow inmates do not implicate any liberty interest to which due process protections would apply. Counsel also argues that plaintiff has not alleged facts that could constitute an atypical and significant hardship or that would show he was deprived of any minimal procedural protections. (Defs.' Mot. to Dismiss at 10-11.)

II. <u>Plaintiff's Opposition</u>

In opposition to defendants' motion to dismiss, plaintiff argues that he has exhausted his administrative remedies against defendant Sisto.  Plaintiff argues that a supervisor is liable if he knew of a constitutional violation or should have known and did nothing to prevent them.  Here, plaintiff argues that defendant Sisto reviewed his grievance against defendant Feudner.  In this regard, plaintiff maintains that he gave defendant Sisto sufficient opportunity to investigate and address his claims.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4-6.)

Plaintiff also argues that he has specifically alleged defendant Sisto's personal involvement in the constitutional violations at issue in this case.  Specifically, plaintiff argues that defendant Sisto failed to supervise defendant Feudner even though he was notified on several occasions about Feudner's misconduct.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 9-10.)

Finally, plaintiff argues that he has stated a cognizable claim for retaliation against defendant Feudner.  Specifically, plaintiff argues that he alleged in his complaint that defendant Feudner violated his First Amendment rights when he retaliated against plaintiff for filing a prison grievance.  In this regard, plaintiff notes that he alleged in his complaint that defendant Feudner failed to respond to his grievance, verbally harassed him and destroyed his fellow inmates' property in retaliation against plaintiff.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 6-8.)

III. <u>Defendants' Reply</u>

In reply, defense counsel repeats the arguments that defendant Sisto is entitled to dismissal because plaintiff has not exhausted any claims against him and has not alleged defendant Sisto's personal involvement in any constitutional violation and that plaintiff has failed to state a cognizable claim for violation of the First and Fourteenth Amendments.  (Defs.' Reply at 2-6.)

**LEGAL STANDARDS APPLICABLE TO A MOTION TO DISMISS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720

F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

/////
/////
/////

**ANALYSIS**

I. <u>Defendant Sisto Should Be Dismissed</u>

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In this case, viewing the facts in a light most favorable to plaintiff, the court finds that plaintiff has failed to allege facts that would establish an actual connection or link between the actions of defendant Sisto and the deprivation alleged to have been suffered by plaintiff. See <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In this regard, in his complaint plaintiff merely alleges in conclusory fashion as follows:

1  Defendant D.K. SISTO is the warden at California state prison
2  solano (sic) and is in charge of the discipline of the officers at the prison.  Here, plaintiff alleges that warden Sisto has failed to provide the proper supervision and control of his staff, which has
3  led to the constitutional violation that plaintiff complains of. Although a supervisor is only liable for the constitutional
4  violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act
5  to prevent them.  It's plaintiff contention that warden Sisto is well aware of the abuse of inmates by defendant Feudner and has failed
6  to take the steps to curb such neglect.  Plaintiff further contends that the lack of intervention on the part of defendant Sisto violates
7  plaintiff's rights under the Fourteenth Amendment to the United states constitution.
8
9  (Comp. 5-6.)

10  In his opposition to defendants' motion to dismiss, plaintiff argues:

11  Here, plaintiff's allegations are factually sufficient to support his claim against Warden Sisto because plaintiff has alleged facts
12  linking Sisto to the alleged violation.  The allegation of Warden Sisto['s] failure to supervise officer Feudner are sufficient to state a
13  claim because it is clear that Warden Sisto failed to act after being notified of [plaintiff's] retaliation claim.  Warden Sisto was
14  contacted by plaintiff's sister . . . she advised Sisto of the violation, and he still failed to act.  A plaintiff must specifically allege the
15  causal link between the supervisor and the claimed constitutional violation, plaintiff has done so, and Warden Sisto is not entitled to
16  dismissal.

17  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 10.)

18  Plaintiff seeks to hold defendant Sisto liable under a theory of respondeat superior

19 for his alleged failure to "provide the proper supervision and control of his staff."  In this regard,

20 plaintiff has failed to allege the necessary causal link between defendant Sisto and a claimed

21 constitutional violation.  See Fayle v. Stapley, 607 F.2d at 862; Mosher, 589 F.2d at 441.  See

22 also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates have no separate

23 constitutional entitlement to a specific prison grievance procedure).  The Ninth Circuit has

24 "found supervisorial liability under § 1983 where the supervisor "was personally involved in the

25 constitutional deprivation or a sufficient casual connection exists between the supervisor's

26 unlawful conduct and the constitutional violation." Lolli v. County of Orange, 351 F.3d 410, 418

1  (9th Cir. 2003).  See also Calloway v. Warden, CSP Corcoran, No. 1:05-CV-01284 ALA P, 2007
2  WL 4219371, *4 (E.D. Cal. Nov. 28, 2007) (plaintiff's mere allegation that he reported an
3  attempted assault to the warden of the institution who did nothing was too conclusory and failed
4  to state a cognizable claim against the warden).  Accordingly, the motion to dismiss defendant
5  Sisto should be granted.[1]

6  II.  Plaintiff's Complaint States a Cognizable First Amendment Retaliation Claim

7  It is well-established that both initiating litigation in this court and filing
8  administrative grievances are protected activities, and it is impermissible for prison officials to
9  retaliate against prisoners for engaging in these activities.  See Rhodes v. Robinson, 408 F.3d
10 559, 568 (9th Cir. 2005).  As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.

Applying the standards applicable to motions to dismiss pursuant to Rule 12(b)(6), the court finds that plaintiff's complaint states a cognizable retaliation claim against defendant Feudner.  Specifically, plaintiff has alleged that defendant Feudner conducted unwarranted cell searches and issued a frivolous rules violation report against plaintiff because plaintiff had filed a staff complaint against Feudner.  Plaintiff has also alleged that he was injured by defendant Feudner's actions because defendant Feudner labeled him the cause of the cell searches, inviting the risk of retaliation and physical harm at the hands of other inmates.  See e.g.,

---

[1] Given the court's findings and recommendations that defendant Sisto be dismissed from this action due to plaintiff's failure to sufficiently allege that Sisto deprived him of his federal constitutional or statutory rights, the court need not address defense counsel's argument that plaintiff failure to exhaust his administrative remedies with respect to this claim prior to filing suit.

1  Valandingham v. Bojorquez, 866 F.2d 1135, 1137-38 (9th Cir. 1989) (allegations that defendants
2  labeled plaintiff a "snitch" in front of other prisoners thereby subjecting him to inmate retribution
3  supported a retaliation claim under § 1983); see also Rhodes, 408 F.3d at 568 ("at the pleading
4  stage, we have *never* required a litigant, *per impossible*, to demonstrate a *total* chilling of his
5  First Amendment rights . . . to perfect a retaliation claim."). Finally, plaintiff has alleged that
6  defendant Feudner was motivated by personal animus, not legitimate penological purposes.
7  Accordingly, the motion to dismiss plaintiff's retaliation claim should be denied.
8  III.  Plaintiff's Complaint Fails to State a Cognizable Fourteenth Amendment Due Process Claim
9         Although "States may under certain circumstances create liberty interests which
10 are protected by the Due Process Clause," those circumstances are generally limited to freedom
11 from restraint that "imposes atypical and significant hardship on the inmate in relation to the
12 ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Here,
13 plaintiff's retaliation claim against defendant Feudner is more properly brought and analyzed
14 under the First Amendment and not the Fourteenth Amendment. See e.g., Austin v. Terhune 367
15 F.3d 1167, 1170 (9th Cir. 2004) ("a claim of retaliation for filing a prison grievance survives
16 Sandin because it raises constitutional questions beyond the due process deprivation of liberty
17 that was rejected in Sandin); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("prisoners may
18 still base retaliation claims on harms that would not raise due process concerns."). In any event,
19 plaintiff has not alleged facts regarding defendant Feudner's alleged conduct sufficient to rise to
20 the level of an atypical or significant hardship in relation to the ordinary incidents of prison life.
21 See Sandin, 515 U.S. at 484. Accordingly, the motion to dismiss plaintiff's due process claim
22 should be granted.

23                                                  **OTHER MATTERS**

24        Plaintiff has filed a request for "temporary restraining order and a preliminary
25 injunction," claiming that defendant Feudner continues to retaliate against him. (Doc. No. 18,
26 filed Oct. 2, 2008.) Plaintiff's request for a temporary restraining order is insufficient under E.D.

Cal. Local Rule 65-231(c). Therefore, the request will be construed as seeking a preliminary injunction.

Plaintiff's allegations are vague and conclusory. He does not offer the court any specific examples of defendant Feudner's alleged continuing retaliation except for what he has written in an inmate appeal attached to his request for preliminary injunctive relief. Therein, he alleges:

> On September 18, 2008, while performing duties as facility four search and escort officers, officer S. Feudner was posted collecting inmates canteen cards. [Plaintiff] approached officer Feudner and asked whats (sic) the appropriate procedure for collecting workers I.D.'s? Feudner instructed [plaintiff] to place his I.D. and shopping list into a small box that is designed for workers thats (sic) wishing to shop. [Plaintiff] reported to the canteen at the designated time, and waited until the yard closed only to discover that no I.D. or shopping list had ever been turned in. Here, appellant is claiming that officer Feudner intentionally removed appellants I.D. and shopping list as a form of retaliation for filing of a 1983 civil rights action. Because the constitution protects an inmate's access to the courts, prison officials may not retaliate against those who seek or obtain such access – whether the retaliation takes the form of withholding property or privileges does not matter. [Plaintiff] files this complaint as notice to warden D.K. Sisto to astop (sic) the practice of retaliation.

(Doc. No. 18 at 4-5.)

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff's vague and conclusory allegations fail to support his claim of continuing retaliation. Plaintiff merely speculates that defendant Feudner may have been involved with the disappearance of his I.D. and shopping list. Moreover, plaintiff has not explained how his First Amendment rights have been chilled. Nor has plaintiff addressed whether the alleged continuing retaliatory act reasonably advanced a legitimate correctional goal. Plaintiff simply argues, without more, that defendant Feudner has retaliated against him for filing this civil rights complaint. Plaintiff is advised that not every allegedly adverse action is sufficient to support a claim for retaliation. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this").

Moreover, plaintiff has offered no evidence that he faces any real or immediate threat at this time. In fact, plaintiff has not even alleged what injury or harm, if any, he suffered as a result of the incident he complains about in his inmate appeal. Plaintiff is advised that speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). In order to justify the granting of injunctive relief a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 674.

In sum, plaintiff has shown neither a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships
/////

tips sharply in the his favor.  Accordingly, plaintiff's request for a preliminary injunction should be denied.

## CONCLUSION

IT IS HEREBY RECOMMENDED that defendants' May 19, 2008 motion to dismiss (Doc. No. 12) be granted in part and denied in part as follows:

    1.  Defendants' motion to dismiss defendant Sisto from this action be granted;

    2.  Defendants' motion to dismiss plaintiff's retaliation claim be denied;

    3.  Defendants' motion to dismiss plaintiff's due process claim be granted;

    4.  Defendant Feudner be directed to file an answer in accordance with the Federal Rules of Civil Procedure; and

    5.  Plaintiff's October 2, 2008 request for a preliminary injunction (Doc. No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gold0356.57