IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edwin Golden, | ) |
| Plaintiff, | ) 2:08-cv-00356-GEB-DAD |
| v. | ) ORDER GRANTING DEFENDANT'S |
| S. Feudner, | ) MOTIONS IN LIMINE |
| Defendant. | ) |

Defendant moves in limine for an order seeking to preclude the admission of certain evidence at trial. Defendant's motions are addressed below.

**Motion in Limine No. 1**

Defendant seeks to exclude the interrogatories and requests for admission which Plaintiff included in the body of his Pretrial Statement filed on September 9, 2011, stating, although "the requests read as if they were directed at Defendant Feudner, . . . [he] never provided the responses listed." (Def.'s Mot. in Limine to Preclude Purported Disc. Resps. 1:22-26.) Defendant states that the responses "appear to have been manufactured by Plaintiff based on the testimony he thinks would best support his case," and "thus, objects to any use of these requests by Plaintiff at trial." Id. at 1:26-2:3.

Since it is uncontroverted that the discovery requests and responses included as part of Plaintiff's Pretrial Statement were not a

part of the discovery conducted in this action, this motion in limine is GRANTED.

**Motion in Limine No. 2**

Defendant also seeks to preclude Plaintiff from using at trial the "diagram of the prison yard," which Plaintiff attached as an exhibit to his September 9, 2011, Pretrial Statement. (Def.'s Mot. in Limine to Preclude Pl. from Using at Trial Pl.'s Diagram 1:25-2:3.) Defendant argues the diagram "is not a fair and accurate representation of the prison yard, will not help the trier of fact understand the evidence, and will confuse and mislead the jury." Id. Specifically, Defendant contends in relevant part:

> The diagram is not drawn to scale but rather is scaled to fit perfectly within the 8½ by 11 inch sheet of paper on which it is drawn. The diagram depicts only a single column down the left side of the page, which is labeled as an inmate walkway. To the left of the column reads staff walkway marked out of bounds. The names of various buildings are placed around the outer edges on all four sides of the page, but no buildings actually are drawn on the diagram. The diagram fails to indicate where the entrance to medical/education area is. The words "concrete bench" are written on the far edge of the column labeled as the inmate walkway, but no bench is actually drawn. Simply put, the diagram is too confusing to help the trier of fact understand the evidence.
>
> The diagram also is pre-marked "June 15, 2007 incident" with an arrow pointing to this text that reads "occurred on the prison yard." But, whether this area was designated as "out of bounds" is not at issue. That is, Defendant does not dispute that the area at issue in this action was not within the area designated by the prison as "out of bounds."

Id. at 2:18-3:4. Defendant also argues, "[b]ecause Plaintiff can testify as to where he was on the yard, and that that location was not out of bounds, the diagram also would waste time, and needlessly present cumulative evidence." Id. at 3:13-15.

2

1  The use of demonstrative evidence "is committed to the trial
2 court's discretion, and should only be allowed where [it] serve[s] to
3 assist the jury in understanding and judging the factual controversy."
4 United States v. White, 766 F.2d 22, 25 (1st Cir. 1985). Further,
5 "demonstrative evidence is subject to [Rule] 403 and should be excluded
6 if its probative value is substantially outweighed by the danger of
7 unfair prejudice, confusion of the issues, or misleading the jury."
8 United States v. Spoerke, 568 F.3d 1236, 1250 (11th Cir. 2009).

9  Since Defendant has shown that Plaintiff's diagram does not
10 accurately depict the prison yard in certain respects, and Plaintiff can
11 testify concerning its contents, the diagram is excluded under Rule 403.
12 Therefore, this in limine motion is GRANTED.

Dated: February 22, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

3