IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                          )
                                       )    2:08-cv-00356-GEB-DAD
                Plaintiff,             )
                                       )
         v.                            )    PROPOSED TRIAL DOCUMENTS
                                       )
S. Feudner,                            )
                                       )
                Defendant.             )
_____        )

        Attached are the Court's proposed voir dire questions, preliminary jury instructions, closing jury instructions and verdict forms. Any proposed modifications should be submitted as soon as practicable.

**A.   Proposed Closing Jury Instructions**

        In the proposed instructions the Court has attempted to eliminate unnecessary language, and to more closely follow the language used in the Ninth Circuit Model Civil Jury Instructions and Ninth Circuit case law upon which they are based. The goal is to "help the jurors to concentrate on the question at hand." Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997).  The attached instructions do not include Defendant's proposed jury instructions Nos. 17 and 18, which instruct on 42 U.S.C. § 1983 claims generally, since the Defendant states in his Trial Brief that "[t]here is no dispute that [Defendant] acted under color of law[,]" and Plaintiff only has one substantive claim to be tried.  (Def.'s Trial Brief 3:26-27.) A court should avoid

1

instructing jurors in "formal terminology . . . suited more to lawyers than to lay deciders" especially in the situation here where it is undisputed that Defendant acted under color of law. <u>Achor</u>, 117 F.3d at 341. Nor is Defendant's proposed jury instruction No. 19 included, which is based upon the Ninth Circuit Model Civil Jury Instruction for causation in 1983 actions generally, since Defendant's proposed jury instruction No. 25 includes causation as an element of Plaintiff's First Amendment retaliation claim. Further, the fourth element in Defendant's proposed jury instruction No. 25 has been modified in accordance with the Ninth Circuit's following discussion in <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68, n. 11 (9th Cir. 2005): "If [Plaintiff] had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect. Alleging harm and alleging the chilling effect would seem under the circumstances to be no more than a nicety."

Defendant's proposed jury instruction No. 2 will not be given since portions of the instruction are argumentative as drafted, and the Court will provide the venire with an overview of Plaintiff's claims during voir dire. For example, the sixth paragraph of this instruction states as follows:

> On Monday June 25, 2007, Officer Feudner conducted a search in the dorm where Golden was housed because of suspicions that another inmate housed in that dorm, who was a known drug trafficker, had drugs in the dorm.

Plaintiff disputes Defendant's motivation in conducting the search of his dorm. (Pl.'s Trial Brief, 2:20-3:6.)

Defendant's proposed jury instruction No. 6 instructs the jury on evidence admitted for a limited purpose. Such an instruction will be used only if evidence is admitted for a limited purpose during trial.

1       Nor does it appear appropriate to instruct on Defendant's
2  proposed jury instruction No. 23, which is based upon 42 U.S.C. §
3  1997e(e).  This statute states: "No Federal civil action may be brought
4  by a prisoner confined in a jail, prison, or other correctional
5  facility, for mental or emotional injury suffered while in custody
6  without a prior showing of physical injury." The Ninth Circuit stated in
7  Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) that
8  "§ 1997e(e) does not apply to First Amendment Claims regardless of the
9  form of relief sought." Therefore, this jury instruction will not be
10 used.

11      Defendant's proposed jury instruction No. 24 will not be used
12 since portions of it are duplicative of Defendant's proposed jury
13 instruction No. 20, and portions of the second paragraph are
14 inconsistent with the jury's ability to award punitive damages.

15      Lastly, Defendant's proposed jury instruction concerning
16 punitive damages has been modified to more closely follow the language
17 used in the Ninth Circuit Model Civil Jury Instruction on punitive
18 damages and has been split into two instructions so that the jury is
19 instructed on determining the amount of punitive damages, if any, only
20 if it returns a verdict in favor of plaintiff on the punitive damages
21 liability question.

22          **B.   Defendant's Affirmative Defenses**

23      Defendant states in his Trial Brief "that the following
24 affirmative defenses have not been waived, and may be raised at trial
25 either in the jury instructions, or in a motion under Rule 50:" (1)
26 qualified immunity, (2) "failure to state a claim upon which relief can
27 be granted," (3) "plaintiff is not entitled to punitive damages because
28 Defendant did not act with malicious intent to deprive him of any

constitutional right or to cause any other injury," (4) "Plaintiff's own conduct contributed to his damages," and (5) "[t]o the extent that Plaintiff's damage claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997e(e)." (Def.'s Trial Brief 5:6-6:12.)

Trial of Defendant's qualified immunity affirmative defense is discussed *infra*.

Defendant's second affirmative defense "amount[s] only to assertions that plaintiff[] failed to state a claim." Smith v. North Star Charter School, Inc., No. CIV 1:10-618 WBS, 2011 WL 3205280, at *2 (D. Idaho July 26, 2011)(striking alleged "affirmative defense[]" that plaintiff "fail[s] to state a claim for relief"). Since the "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case[,]" this "affirmative defense" is not preserved for trial. J & J Sports Prods., Inc. v. Vizcarra, No. 11-1151 SC, 2011 WL 4501318, at *3 (N.D. Cal. Sept. 27, 2011) 3 (internal quotation marks, internal brackets and citation omitted).

Defendant's third affirmative defense consists of an allegation that Plaintiff cannot prove the elements of his punitive damages claim. However, "[a] defense which demonstrates that plaintiff has not met [his] burden of proof is not an affirmative defense." Zivkovic v. S. Calif. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Therefore, this "affirmative defense" is also not preserved for trial.

It is unclear what Defendant's fourth affirmative defense comprises, and Defendant cites no authority to support its application in this case. Further, Defendant did not provide a proposed jury

instruction on this affirmative defense. Therefore, it is not preserved for trial.

Defendant's fifth affirmative defense is based upon 42 U.S.C. § 1997e(e). However, as stated above, the Ninth Circuit has held that § 1997e(e) is inapplicable to First Amendment cases. Therefore, this affirmative defense is not preserved for trial.

### C. Proposed Verdict Forms

Tentatively, the attached general verdict forms will be used rather than Defendant's proposed special verdict form and special verdict form for punitive damages. See Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)(stating "[a]s a general rule, the court has complete discretion over whether to have the jury return a special verdict or a general verdict").

Defendant's proposed special verdict form includes questions concerning his qualified immunity affirmative defense. (Def.'s Proposed Special Verdict Form, 3:21-4:23.) However, the questions Defendant proposes on this affirmative defense are same questions the jury will be required to decide when it is submitted Plaintiff's retaliation claim. Therefore, specific factual findings by the jury on Defendant's qualified immunity affirmative defense are duplicative and unnecessary. Cf. Vandervall v. Feltner, No. CIV S-09-1576 DAD P, 2010 WL 2843425, at *10 (E.D. Cal. July 19, 2010)(stating since "plaintiff's First Amendment right to file inmate grievances free from prison official retaliation was clearly established[,]" "[D]efendants are entitled to qualified immunity only if plaintiff [fails to prove] that defendants' conduct violated his First Amendment rights"); Sloman v. Tadlock, 21 F.3d 1462, 1468-69 (9th Cir. 1994)(stating a district court's "allowing the jury to decide the issue [of whether a reasonable officer in Defendant's place

would have known his conduct violated Plaintiff's clearly established constitutional rights] either was proper, or at a minimum, was harmless," where "the factual findings the jury must have made in imposing liability on [Defendant] would require the district court to deny him qualified immunity" since "[Defendant's] motives for the actions he took were at issue" and "[i]n imposing liability . . . the jury necessarily found that [Defendant's improper motive] was a substantial or motivating factor in [Defendant's] conduct"). Of course, a party could ultimately propose qualified immunity factual disputes to be resolved by the jury which are not the exact factual disputes involved in Plaintiff's First Amendment retaliation claim.

Dated:  February 28, 2012

GARLAND E. BURRELL, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Edwin Golden, | ) | |
| | ) | 2:08-cv-00356-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | VOIR DIRE |
| | ) | |
| S. Feudner, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. This process concerns the right to a trial by jury, which is a right that the founders of this nation considered an important component of our constitutional system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau.  She is on the platform below me on my left side. Next to her is the Certified Court Reporter, Kimberly Bennett.

We are about to begin what is known as voir dire. The purpose of voir dire is to ascertain whether you can be a fair and impartial

1

juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   The Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no hand is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number, then your response. That should expedite the process.

4.   This is a civil case brought by the plaintiff, Edwin Golden, against the defendant, S. Feuder. At all relevant times,

Plaintiff was incarcerated at a California State Prison in Solano, California, where Defendant was employed as a correctional officer.

Plaintiff alleges that in June of 2007, Defendant conducted a search of the dorm where he was housed and submitted a disciplinary report against him in retaliation for Plaintiff filing a prison grievance alleging misconduct by Defendant. Defendant denies Plaintiff's allegations.

Raise your hand if there anything about the allegations or about anything else I've said which causes you to feel that you might not be a fair juror in this particular case.

5.   Raise your hand if you have any knowledge of the facts or events in this case.

6.   The parties have informed me that the evidence and argument portion of the trial should be completed in approximately two to three court days, after which the case will be submitted to the jury for jury deliberation. We will be in trial on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to about 4:30 p.m. But as soon as you begin jury deliberation, you will be expected to deliberate every day, except weekends, from 9:00 a.m. to about 4:30 p.m. until you complete your deliberation.

If you cannot participate as juror during these times, raise your hand.

7.   Would Plaintiff introduce himself, name any witness you

3

may have testify.

8.   Defendant's counsel now has the opportunity to do the same thing.

Raise your hand if you know or have had any interaction with any person just introduced or named.

9.   Raise your hand if you have any knowledge or have had any experience with the California State Prison in Solano, California.

10.   Raise your hand if you would tend to believe the testimony of a witness just because that witness is a correctional officer and for no other reason.

11.   Raise your hand if you would tend not to believe testimony of a witness just because that witness is a correctional officer and for no other reason.

12.   Raise your hand if you have ever served as a juror in the past.

a.   State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

13.   Raise your hand if you will not be able to give your full attention to this case.

14.   Have you, any member of your family, or any close friend ever been employed by a law enforcement agency, such as a police department, sheriff's department, the highway patrol or the state

department of corrections?

   a. Could what you just stated have a bearing on your ability to be a fair and impartial juror in this case?

  15. Have you, any member of your family, or any close friend received any special training in law enforcement, criminal justice or corrections?

   a. Could what you just stated have a bearing on your ability to be a fair and impartial juror in this case?

  16. Raise your hand if you will not be able to decide this case based solely on the evidence presented at the trial?

  17. Raise your hand if will you not apply the law I will give you if you believe a different law should apply.

  18. Raise your hand if you are opposed to judging a witness's credibility.

  19. Is there any reason why you could not be a fair and impartial juror?

  20. The Courtroom Deputy Clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

   (a) Your name;

   (b) Your age and the age of your adult and/or minor children;

5

(c)   The present and former occupations for you and any

person residing with you; and

(d)   Your educational background

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                          )
                                       )    2:08-cv-00356-GEB-DAD
            Plaintiff,                 )
                                       )
        v.                             )    PRELIMINARY JURY
                                       )    INSTRUCTIONS
S. Feudner,                            )
                                       )
            Defendant.                 )
_____        )

1

Preliminary Instruction No. 1


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Preliminary Instruction No. 2


There are rules of evidence that control what can be received into evidence. When Plaintiff or Defendant's counsel asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, that party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

3

Preliminary Instruction No. 3

I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating

4

with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

Preliminary Instruction No. 4


At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Preliminary Instruction No. 5


If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes shall be left on the seat on which you are seated.

Preliminary Instruction No. 6


From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

8

Preliminary Instruction No. 7


The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and defendant's counsel may cross-examine. Then defendant may present evidence, and plaintiff may cross-examine.

After the evidence has been presented, the parties will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Edwin Golden, | ) | |
| | ) | 2:08-cv-00356-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CLOSING JURY INSTRUCTIONS |
| | ) | |
| S. Feudner, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Unless I state otherwise, the instructions apply to each party.

Instruction No. 2


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 3


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the lawyers have agreed.

Instruction No. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by the defendant's counsel and by the plaintiff except when the plaintiff was testifying under oath are not evidence. The defendant's counsel is not a witness and the plaintiff is not a witness except when he testified under oath.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the defendant's counsel and the plaintiff have stated them, your memory of the facts controls.

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting

5

instruction, you must follow it.

Fourth, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 5


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Instruction No. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

8

Instruction No. 7


The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give to the testimony of the witness, but for no other purpose.

Instruction No. 8

Plaintiff alleges that Defendant violated his right under the First Amendment to the United States Constitution by retaliating against him for exercising his right to seek redress of a prison grievance. A state prisoner engages in First Amendment protected activity when he presents a grievance against a prison official pursuant to the prison's grievance procedures. Retaliation against a prisoner for exercising this right violates the prisoner's First Amendment protected activity of presenting a grievance to a prison official.

To prevail on his First Amendment retaliation claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff engaged in the First Amendment protected activity of seeking redress of Defendant's alleged misconduct by submitting to a prison official a prison grievance concerning that alleged misconduct;

Second, Defendant took adverse action or actions against Plaintiff;

Third, Plaintiff's protected action was a substantial or motivating factor for the Defendant's action;

Fourth, Defendant's adverse action resulted in more than

10

minimal harm to Plaintiff or would chill a person of ordinary firmness in the exercise of his right to present a prison grievance; and

Fifth, Defendant's adverse action(s) did not reasonably advance a legitimate penological goal.

A substantial or motivating factor is a significant factor. Timing can be considered as circumstantial evidence of retaliatory motive. However, neither timing alone nor sheer speculation is sufficient to show that Plaintiff's protected conduct was a substantial or motivating factor for Defendant's adverse action(s). Plaintiff must show a nexus between presenting his prison grievance to a prison official and Defendant's adverse action.

Whether any action taken by Defendant reasonably advanced a legitimate penological goal is evaluated in the light of the deference given to prison officials in the adoption and execution of policies and practices that in their reasonable judgment are needed to preserve discipline and to maintain internal security in a prisons.

Instruction No. 9

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine his damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury that you determine Defendant caused. You should consider the nature and extent of the deprivation experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

Instruction No. 10


The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No. 11

If you find for the plaintiff, you must determine if Defendant's conduct justifies an award of punitive damages.

The plaintiff has the burden to prove by a preponderance of the evidence that punitive damages should be awarded. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

14

Instruction No. 12


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15

Instruction No. 13


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Instruction No. 14

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 15

You must now decide the amount, if any, of punitive damages that you should award Plaintiff. The plaintiff has the burden of proving the amount of any such damages by a preponderance of the evidence.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

18

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                          )
                                       )        2:08-cv-00356-GEB-DAD
            Plaintiff,                 )
                                       )
       v.                              )        <u>VERDICT FORM</u>
                                       )
S. Feudner,                            )
                                       )
            Defendant.                 )
_____        )

     WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:


**Question No. 1:**     Does Plaintiff prevail on his retaliation claim?

     Answer:   _____ Yes        _____ No

*(If you answered "yes," continue to Question No. 2. If you answered "no," then proceed to the last page and sign, date and return this verdict form.)*


**Question No. 2:**     What is the amount of compensatory damages you award to Plaintiff?

     $ _____

*(If you entered an amount of more than $0, proceed to Question No. 4. If you entered $0, proceed to Question No. 3.)*

1

**Question No. 3:**      If you have found that Plaintiff prevails on his retaliation claim, but that Plaintiff is not entitled to compensatory damages, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

*(Continue to Question No. 4.)*


**Question NO. 4:**      Does Plaintiff prevail on his punitive damages claim?

Answer:   _____ Yes        _____ No


*(Please date, sign and return this verdict.)*


Dated this _____ day of March, 2012


_____
                              JURY FOREPERSON

2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Edwin Golden, | ) | |
| Plaintiff, | ) | 2:08-cv-00356-GEB-DAD |
| | ) | |
| v. | ) | <u>VERDICT FORM</u> |
| | ) | |
| S. Feudner, | ) | |
| Defendant. | ) | |

WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTION:

**Question No. 1:**     What is the amount of punitive damages, if any, you award to Plaintiff?

     $ _____

(*Please date, sign and return this verdict.*)

Dated this _____ day of March, 2012

_____
                              JURY FOREPERSON

1