IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                      )
                                   )        2:08-cv-00356-GEB-DAD
              Plaintiff,           )
                                   )
       v.                          )        COURT'S RESPONSE TO
                                   )        DEFENDANT'S REQUESTED
S. Feudner,                        )        MODIFICATIONS TO TRIAL
                                   )        DOCUMENTS
              Defendant.           )
_____)

        Defendant has requested modifications to the proposed voir

dire and verdict forms, and certain of the proposed jury instructions,

which were transmitted to the parties on February 29, 2012. Defendant's

requests are addressed below.

**A.   Requested Instruction Concerning Defendant's Medical Condition**

        Defendant requests that the Court instruct the jury as

follows:

>        Officer Feudner suffers from back pain which
> is aggravated by prolonged sitting or standing. As
> a result, the Court has granted Officer Feudner
> permission to stand up and move about during trial
> when his pain or discomfort makes it necessary for
> him to do so. You should not draw any negative
> inferences against Officer Feudner for moving about
> when his back pain makes it necessary for him to do
> so.

(Def.'s Request for Relief 2:1-5, ECF No. 92.)

        This instruction will not be used; however, Defendant's

counsel may comment on Defendant's medical condition during voir dire

when she is given the opportunity to introduce herself and her client.

**B.   Requested Modifications to Voir Dire**

Defendant requests that the Court's proposed voir dire be modified to include certain additional questions. (Def.'s Proposed Modifications to Trial Documents ("Def.'s Prop. Mods.") 3:13-5:3, ECF No. 94.) These additional questions will not be included in the Court's voir dire. However, in light of Defendant's request, each party will be given fifteen minutes for follow up voir dire after the Court concludes its voir dire.

**C.   Requested Modifications to Jury Instructions**

Defendant requests that the following language be added to preliminary jury instruction No. 4: "If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem." Id. 2:1-3. A modified version of this proposed additional language has been added to the end of preliminary jury instruction No. 2.[1]

Defendant requests closing instruction No. 4 be given as a preliminary instruction. Id. at 2:4-10, 2:17-18. This request is granted; the instruction has been added as preliminary instruction No. 4.

Defendant requests the last line of closing instruction No. 3 be modified to read, "any fact to which the parties have agreed." Id. at 2:15-16. This request is granted.

Defendant requests closing instruction No. 8 be modified to address "a potential contradiction" concerning the first element of Plaintiff's First Amendment retaliation claim, i.e. that he engaged in activity protected by the First Amendment. Id. at 2:19-3:2. In

---

[1]    A revised set of proposed jury instructions and verdict forms are attached hereto.

considering this requested modification, the Court realized it failed to recognize Defendant stated this element is established in his proposed jury instruction concerning the elements of Plaintiff's First Amendment retaliation claim. Specifically, Defendant's proposed jury instruction No. 25 states in relevant part, "Under the First Amendment, an inmate [has] the right to file a prison administrative grievance. Therefore, I instruct you that the first element requires no proof." (Def.'s Proposed Jury Instructions, 30:20-21, ECF No. 82.) Since Defendant admitted that the first element of Plaintiff's First Amendment retaliation claim has been established, closing instruction No. 8 has been modified to remove this element. The introductory paragraph, which explains the nature of Plaintiff's First Amendment retaliation claim, has been modified as well.

Defendant requests closing jury instruction No. 9 be modified to clarify "that compensatory damages are designed only to compensate the plaintiff, and cannot include any sum intended for the purpose of punishing the defendant or serving as an example to or warning for others." (Def.'s Prop. Mods. 3:3-6.) Specifically, Defendant requests that a portion of "paragraph 2 of this instruction be modified [to read]:"

> Compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury that you determine Defendant caused. You should consider the nature and extent of the deprivation experienced. An award of compensatory damages cannot include any sum for the purpose of punishing the Defendant, or to serve as an example or warning for others.

Id. at 3:7-12. Defendant's request is granted. Further, the word "compensatory" has been added to additional portions of this instruction and closing instruction No. 9, which concerns the award of nominal

damages, so that the jury instructions on damages consistently refer to "compensatory damages" as such.

**D.   Requested Modifications to Verdict Forms**

Defendant "objects to the Court's use of general verdict forms[,]" arguing "the use of . . . special verdict form[s] would aid the parties by narrowing and clarifying any issues for appeal." Id. at 5:5-8. Defendant also argues "[t]he failure to employ special verdict forms may also hinder Defendant's ability to assert the defense of qualified immunity[; b]ecause the jury's determination of the facts, including whether a reasonable mistake of fact occurred, is critical to portions of the qualified-immunity analysis, the use special verdict forms would ensure the proper outcome." Id. at 5:9-10 (internal citation omitted).

Defendant's objection to the use of a general verdict form is overruled. See Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)(stating "[a]s a general rule, the court has complete discretion over whether to have the jury return a special verdict or a general verdict"). However, the verdict form has been modified to include special interrogatories concerning Defendant's qualified immunity affirmative defense, which the jury will answer only if they find Defendant liable on Plaintiff's First Amendment retaliation claim. These special interrogatories are based upon Defendant's proposed Special Verdict Form Questions Nos. 8-10 and concern the objective reasonableness of Defendant's actions. However, the wording of these special interrogatories has been modified to better tailor them to the facts at issue in this litigation, and additional special interrogatories have been included to fully address the objective reasonableness of Defendant's conduct in both submitting his June 26,

2007, disciplinary charge and searching the dorm where Plaintiff was housed on June 25, 2007. Further, Defendant's proposed Special Verdict Form Questions Nos. 11 and 12 are not included since Defendant admits that they "contain elements of the underlying retaliation claim." (Def.'s Prop. Mods. 5:23-24.) The jury will necessarily decide these questions when it is submitted Plaintiff's retaliation claim.

Dated:  March 2, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| Edwin Golden, | ) | |
| | ) | 2:08-cv-00356-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PRELIMINARY JURY |
| | ) | INSTRUCTIONS |
| S. Feudner, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Preliminary Instruction No. 1


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Preliminary Instruction No. 2


There are rules of evidence that control what can be received into evidence. When Plaintiff or Defendant's counsel asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, that party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

If at any time you cannot hear or see what is said or shown during the trial, let me know so that I can correct the problem.

Preliminary Instruction No. 3


I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating

4

with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

Preliminary Instruction No. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by the defendant's counsel and by the plaintiff except when the plaintiff was testifying under oath are not evidence. The defendant's counsel is not a witness and the plaintiff is not a witness except when he testified under oath.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the defendant's counsel and the plaintiff have stated them, your memory of the facts controls.

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting

6

instruction, you must follow it.

Fourth, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Preliminary Instruction No. 5


At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Preliminary Instruction No. 6


If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes shall be left on the seat on which you are seated.

Preliminary Instruction No. 7


From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. 8

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and defendant's counsel may cross-examine. Then defendant may present evidence, and plaintiff may cross-examine.

After the evidence has been presented, the parties will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                         )
                                      )    2:08-cv-00356-GEB-DAD
            Plaintiff,                )
                                      )
        v.                            )    CLOSING JURY INSTRUCTIONS
                                      )
S. Feudner,                           )
                                      )
            Defendant.                )
_____       )

1

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  Unless I state otherwise, the instructions apply to each party.

Instruction No. 2


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 3

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties have agreed.

Instruction No. 4


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by the defendant's counsel and by the plaintiff except when the plaintiff was testifying under oath are not evidence. The defendant's counsel is not a witness and the plaintiff is not a witness except when he testified under oath.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the defendant's counsel and the plaintiff have stated them, your memory of the facts controls.

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I gave a limiting

5

instruction, you must follow it.

Fourth, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 5


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Instruction No. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

8

Instruction No. 7


The evidence that a witness has been convicted of a crime may
be considered, along with all other evidence, in deciding whether to
believe the witness and how much weight to give to the testimony of
the witness, but for no other purpose.

Instruction No. 8


Plaintiff alleges that Defendant violated his right under the First Amendment to the United States Constitution by retaliating against him for seeking redress of a prison grievance. A state prisoner engages in First Amendment protected activity when he or she asserts a grievance with prison officials. Retaliation against a prisoner for exercising the right to seek redress of a prison grievance violates the prisoner's First Amendment right. It is undisputed that Plaintiff engaged in the First Amended protected activity of asserting a prison grievance.

To prevail on his First Amendment retaliation claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Defendant took adverse action or actions against Plaintiff;

Second, Plaintiff's First Amendment protected activity was a substantial or motivating factor for the Defendant's action or actions;

Third, Defendant's adverse action or actions resulted in more than minimal harm to Plaintiff or would chill a person of ordinary firmness in the exercise of his right to present a prison grievance; and

10

Fourth, Defendant's adverse action or actions did not reasonably advance a legitimate penological goal.

A substantial or motivating factor is a significant factor. Timing can be considered as circumstantial evidence of retaliatory motive. However, neither timing alone nor sheer speculation is sufficient to show that a plaintiff's protected conduct was a substantial or motivating factor for a defendant's adverse action or actions. A plaintiff must show a nexus between his or her First Amendment protected activity and a defendant's adverse action or actions.

Whether any action taken by a defendant reasonably advanced a legitimate penological goal is evaluated in the light of the deference given to prison officials in the adoption and execution of policies and practices that in their reasonable judgment are needed to preserve discipline and to maintain internal security in a prisons.

11

Instruction No. 9


It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine his compensatory damages. The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury that you determine Defendant caused. You should consider the nature and extent of the deprivation experienced. An award of compensatory damages cannot include any sum for the purpose of punishing Defendant, or to serve as an example or warning for others.

It is for you to determine what compensatory damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

Instruction No. 10


The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No. 11


If you find for the plaintiff, you must determine if Defendant's conduct justifies an award of punitive damages.

The plaintiff has the burden to prove by a preponderance of the evidence that punitive damages should be awarded. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

14

Instruction No. 12


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


15

Instruction No. 13

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

16

Instruction No. 14

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 15


You must now decide the amount, if any, of punitive damages that you should award Plaintiff. The plaintiff has the burden of proving the amount of any such damages by a preponderance of the evidence.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Edwin Golden,                          )
                                       )    2:08-cv-00356-GEB-DAD
              Plaintiff,               )
                                       )
        v.                             )    <u>VERDICT FORM</u>
                                       )
S. Feudner,                            )
                                       )
              Defendant.               )
_____ )

     WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:


**Question No. 1:**    Does Plaintiff prevail on his retaliation claim?
       Answer:   _____ Yes        _____ No
*(If you answered "yes," continue to Question No. 2. If you answered "no," then proceed to the last page and sign, date and return this verdict form.)*


**Question No. 2:**    What is the amount of compensatory damages you award to Plaintiff?
       $ _____
*(If you entered an amount of more than $0, proceed to Question No. 4. If you entered $0, proceed to Question No. 3.)*

1

**Question No. 3:**     If you have found that Plaintiff prevails on his retaliation claim, but that Plaintiff is not entitled to compensatory damages, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

*(Continue to Question No. 4.)*


**Question NO. 4:**     Does Plaintiff prevail on his punitive damages claim?

Answer: _____ Yes        _____ No

*(Continue to Question No. 5.)*


**Question NO. 5:**     Do you find that a reasonable officer could have believed that there was a legitimate peneological reason to submit Defendant's June 26, 2007 report, which summarized his interactions with Plaintiff on June 15, 2007, and June 22, 2007?

Answer: _____ Yes        _____ No

*(Continue to Question No. 6.)*


**Question NO. 6:**     Do you find that a reasonable officer would have known that submitting Defendant's June 26, 2007 report, which summarized his interactions with Plaintiff on June 15, 2007 and June 22, 2007, would result in more than minimal harm to Plaintiff?

Answer: _____ Yes        _____ No

*(Continue to Question No. 7.)*

**Question NO. 7:**     Do you find that a reasonable officer would have known that submitting Defendant's June 26, 2007 report, which summarized his interactions with Plaintiff on June 15, 2007 and June 22, 2007, would chill a person of ordinary firmness in the exercise of his First Amendment protected right to seek redress of a prison grievance?

Answer:   _____ Yes      _____ No

*(Continue to Question No. 8.)*


**Question NO. 8:**     Do you find that a reasonable officer could have believed that there was a legitimate peneological reason for Defendant to conduct a search of the dorm where Plaintiff was housed on June 25, 2007?

Answer:   _____ Yes      _____ No

*(Continue to Question No. 9.)*


**Question NO. 9:**     Do you find that a reasonable officer would have known that Defendant's actions during the June 25, 2007, search of the dorm where Plaintiff was housed would result in more than minimal harm to Plaintiff?

Answer:   _____ Yes      _____ No

*(Continue to Question No. 10.)*


*///*

*///*

*///*

*///*

*///*

*///*

**Question NO. 10:**    Do you find that a reasonable officer would have known that Defendant's actions during the June 25, 2007, search of the dorm where Plaintiff was housed would chill a person of ordinary firmness in the exercise of his First Amendment protected right to seek redress of a prison grievance?

   Answer:   _____ Yes       _____ No

(*Please date, sign and return this verdict.*)


Dated this _____ day of March, 2012


_____
                                    JURY FOREPERSON